**IN THE UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1)  BRANDY A. READ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.  21-cv-00316-JFH-JFJ** |
| | ) | |
| **(1)  OKLAHOMA FLINTROCK** | ) | |
| **PRODUCTS, LLP,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | **ATTORNEY LIEN CLAIMED** |
| | ) | |

## COMPLAINT

Plaintiff Brandy A. Read, for her causes of action against Defendant Oklahoma Flintrock Products, LLP, alleges and states as follows:

### I.    Preliminary Statement

1.      This is an action for sex discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII").

2.      Plaintiff claims that during her employment with Defendant she was subjected to unwelcome conduct of a sexual nature from a male supervisor which was sufficiently severe or pervasive to create a hostile work environment, and when she rebuffed and rejected the supervisor's sexual advances and reported the same, he caused Defendant to terminate her employment.  Plaintiff claims that Defendant is strictly liable for the sexually harassing and abusive conduct of its executive-level employee that resulted in a tangible employment action. Plaintiff also claims that Defendant retaliated against her because she engaged in legally-protected activity.

### II.    Jurisdiction and Venue

3.      This Court has jurisdiction over Plaintiff's federal claims in this action under Title VII, 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

### III.   Parties

5.      Plaintiff is a resident of Ottawa County, State of Oklahoma, and this judicial district. At all relevant times herein, Plaintiff was an employee of the Defendant within the meaning of Title VII.

6.      Defendant is an Oklahoma limited liability partnership doing business in the State of Oklahoma and in this judicial district.  At all relevant times herein, Defendant was Plaintiff's employer within the meaning of Title VII.

### IV.   Administrative Prerequisites

7.      Plaintiff timely filed a charge of discrimination with the Oklahoma Attorney General's Office, Office of Civil Rights Enforcement ("OCRE') and the United States Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation.

8.      The OCRE issued a Dismissal and Notice of Rights on Plaintiff's charge of discrimination on May 7, 2021.

9.      Plaintiff has fulfilled all conditions precedent to the filing of this action, and this action is timely filed.

### V.   Allegations Applicable to All Claims

10.      Plaintiff was hired by Defendant on or about January 9, 2019.  At the time of her hire, Plaintiff worked as an Office Assistant.

11.      In or about early February 2019, Harpreet "Harry" Singh began working for Defendant.  Upon information and belief, Mr. Singh was Defendant's Chief Financial Officer.

12.      Mr. Singh had supervisory authority over Plaintiff.

13.      Following the onset of his employment with Defendant, Mr. Singh almost immediately began subjecting Plaintiff to unwelcome comments and conduct of a sexual nature.

14.      In the few weeks Mr. Singh worked with and supervised Plaintiff, he repeatedly asked Plaintiff to go on dates with him, spoke with Plaintiff about making her his "American wife,"

suggested a previously-promised pay raise would follow if Plaintiff spent the night with him, and approached Plaintiff from behind and grabbed her hips and rubbed her shoulders.

15.     Plaintiff reported Mr. Singh's sexually harassing behaviors to Defendant's Office Manager, Ashley Phipps.

17.     Ms. Phipps told Plaintiff that she'd handle the matter.

18.     After reporting Mr. Singh's sexually harassing behaviors, Defendant responded by moving Plaintiff into a new position in sales.  Plaintiff became Defendant's Oklahoma Sales and Logistics Coordinator, which caused Plaintiff to report directly to Mr. Singh.

19.     After Plaintiff reported Mr. Singh's sexually harassing behaviors, he subtly continued to make inappropriate advances to Plaintiff, but the central form of Mr. Singh's harassment changed. Because Plaintiff had not responded to Mr. Singh's advances as he had hoped and had instead reported him, Mr. Singh became openly hostile toward Plaintiff.  For example, Mr. Singh made belittling comments to Plaintiff about her education level, repeatedly yelled at her in morning meetings, made threatening gestures by balling his hands into fists and violently slamming them together, and unjustifiably assailed and criticized Plaintiff's work performance.

20.     Additionally, upon information and belief, Mr. Singh caused Plaintiff to be denied use of the company telephone and computer equipment after Plaintiff sent an employment-law, sex-harassment related inquiry from her work computer to a local law office.

21.     On March 14, 2019, Defendant terminated Plaintiff's employment for allegedly stealing company documents.

22.     In fact, Plaintiff took home certain company documents because she was instructed to do so.  On several occasions in late February or early March 2019, Plaintiff was told, in relation to the duties associated with her new position as Sales and Logistics Coordinator, to take certain work papers home and study them.

23.     Defendant's stated reason for terminating Plaintiff's employment is pretextual, i.e.,

a sham reason offered as cover for the real and unlawful reasons that moved Defendant to terminate Plaintiff's employment.

24.     As a result of Defendant's unlawful employment actions, Plaintiff has lost wages and benefits. Plaintiff has also suffered bodily injury, mental anguish, embarrassment, physical and emotional distress, and loss of enjoyment of life as a result of Defendant's unlawful conduct.

## VI.     Statement of Claims

### First Claim

### Title VII - Sex Discrimination

25.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 24 of this Complaint as though set forth at length herein and further alleges:

26.     During her employment with Defendant, Plaintiff was subjected to unwelcome conduct of a sexual nature because she is female. The conduct was sufficiently severe or pervasive to create a hostile work environment.

27.     The acts of sexual harassment against Plaintiff were carried out by Mr. Singh, who had and exercised supervisory authority over Plaintiff.

28.     When Plaintiff rebuffed and rejected Mr. Singh's sexual advances, he took action to insure that adverse consequences followed, including the termination of Plaintiff's employment. Defendant is strictly liable for the sexually harassing conduct of its supervisor that resulted in a tangible job detriment.

29.     As a direct and proximate result of the sexual harassment inflicted on Plaintiff because of her sex, Plaintiff suffered injuries and damages, including but not limited to, loss of earnings and benefits, bodily harm,  mental anguish, upset, worry, physical and emotional distress, and loss of enjoyment of life.

30.     Defendant's acts and omissions with respect to the hostile work environment created by the conduct of Mr. Singh were willful, wanton and intentional, evidencing a reckless disregard

for the federally-protected rights of Plaintiff, thereby warranting the imposition of punitive damages.

### Second Claim

### Title VII - Retaliation

31.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 30 of this Complaint as though set forth at length herein and further alleges:

32.    Plaintiff opposed the sex-based hostile work environment to which she was being subjected and complained about the same to Defendant's management.

33.    By her actions, Plaintiff engaged in protected activity within the meaning of Title VII.

34.    Defendant terminated Plaintiff's employment because she engaged in legally-protected activity.

35.    As a result of Defendant's unlawful conduct, Plaintiff has lost wages and benefits. Plaintiff has also suffered bodily injury, mental anguish, upset, worry, embarrassment, physical and emotional distress, and loss of enjoyment of life because of Defendant's unlawful conduct.

36.    Defendant's retaliatory actions toward Plaintiff in violation of Title VII were willful, wanton and intentional, evidencing a reckless disregard for Plaintiff's federally-protected rights, thereby warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff Brandy A. Read demands judgment against Defendant Oklahoma Flintrock Products, LLP, and requests as follows:

(1)    that this Court award Plaintiff all of her actual damages, including back pay, lost past and future earnings, and lost past and future benefits in an amount to be determined at trial;

(2)    that this Court award Plaintiff damages to compensate for her bodily injury, mental, emotional, and physical distress and suffering sustained as a result of Defendant's unlawful conduct;

(3)    that this Court award Plaintiff punitive damages in an amount to be determined at trial;

(4)    that this Court enjoin Defendant from engaging in any further discriminatory conduct

and/or retaliation in violation of Title VII;

(5)     that this Court award Plaintiff her reasonable attorney fees and costs expended in the prosecution of this action; and

(6)     that this Court award Plaintiff such other and further relief as may be deemed just and proper by the Court.

Respectfully submitted,

**SHOOK & JOHNSON, P.L.L.C.**

By:     s/ *Jonathan E. Shook*
**Jonathan E. Shook, OBA #17343**
**7420 S. Yale Ave.**
**Tulsa, Oklahoma 74136**
**(918) 293-1122 -** *Telephone*
**(918) 293-1133 -** *Facsimile*
**jshook@shookjohnson.com**

**–and–**

**Lance A. Pool, OBA #7211**
**POOL LAW FIRM**
**1443 S. Norfolk Ave.**
**Tulsa, OK 74120**
**(918) 829-2525 -** *Phone*
**lance@poollawoffice.com**

**ATTORNEYS FOR PLAINTIFF**