IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDY A. READ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CV-316-JFJ |
| | ) |
| OKLAHOMA FLINTROCK | ) |
| PRODUCTS, LLP, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is Defendant Oklahoma Flintrock Products, LLP's Motion in Limine (ECF No. 44). Plaintiff Brandy A. Read ("Read") alleges violations of Title VII of the Civil Rights Act of 1964 for hostile work environment sex discrimination and retaliation by defendant Oklahoma Flintrock Products, LLP ("Flintrock"), her former employer.

**I.    Standard**

"The purpose of a motion *in limine* is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial." *Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08-CV-00578-WJM-CBS, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). However, "since a trial court is almost always in a better position at the actual trial to assess the probative value of evidence, courts are reluctant to grant broad exclusions of evidence in limine." *Cook v. Peters*, No. 13-cv-107-GKF-FHM, 2015 WL 10986407, at *1 (N.D. Okla. July 30, 2015) (cleaned up).

"A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on all potential grounds." *Id.* (quotation omitted). "[A] motion in limine should not be used to resolve factual disputes or weigh evidence." *McCarty v. Liberty Mut. Ins. Co.*, No. 15-CV-210-R, 2017 WL 676459, at *2 (D. Wyo. Feb. 3, 2017). "A ruling in limine may be subject to change based upon developments at trial, and the ruling does not remove the obligation of the party to object, to move to strike, or to make offers of proof." *Deghand v. Wal-Mart Stores, Inc.*, 980 F. Supp. 1176, 1180 (D. Kan. 1997) (citing *Thweatt v. Ontko,* 814 F.2d 1466, 1470 (10th Cir.1987)).

II.     Analysis

   A.     **Testimony and Documentation of Miscarriage**

Flintrock moves to exclude all evidence or testimony at trial regarding Plaintiff's miscarriage she experienced in April 2019, less than four weeks after her termination. Plaintiff alleges the miscarriage is attributed exclusively to the sexual harassment and retaliation she experienced at Flintrock. Flintrock argues Read's testimony regarding her miscarriage would be an attempt to circumvent the clear standards established for presenting medical expert testimony. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-95 (1993) (holding that district courts must initially assess the admissibility of "scientific" expert testimony under Fed. R. Evid. 702); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-49 (1999) (extending *Daubert's* general principles to all kinds of expert testimony).

Medical expert testimony is not required to establish causation when causation would be understandable to a layperson based on ordinary experience. *See Myers v. Illinois Cent. R. Co.*, 629 F.3d 639, 643 (7th Cir. 2010) (stating that expert testimony is unnecessary when a plaintiff suffers a broken leg or gash when hit by a vehicle, because a layperson can understand what caused

the injury). However, when there is no obvious origin to an injury and multiple potential causes are possible, expert medical testimony is necessary to prove causation. *See Zartner v. Miller*, 760 F. App'x 558, 563-64 (10th Cir. 2019) (finding causation of plaintiff's wrist fracture required medical expert testimony, because the fracture could have resulted from any of several different uses of force and causation entailed a medical question beyond a layperson's ordinary experience).

Read cannot testify as to the cause of her miscarriage or present the miscarriage as part of her damages. Evidence regarding the cause of the miscarriage would be subject to expert medical testimony, because it would not be obvious to a layperson what caused the miscarriage. This causation evidence would have to be presented by a medical expert.

Read argues that she should nonetheless be permitted to testify that she had a miscarriage during the relevant time frame without attempting to tie that to her damages, relying on *Sheedy v. BSB Properties*, No. 2:13-cv-290-JNP, 2016 WL 6902542, at *1 (D. Utah Mar. 7, 2016). The Court rejects Read's argument and finds that her cited authority defeats her argument. There is a serious risk that testimony or documentation regarding the miscarriage would prejudice Flintrock, because the jury would undoubtedly speculate whether the stress of the employment termination caused the miscarriage. *See Sheedy*, 2016 WL 6902542, at *1 (finding that evidence that plaintiff's termination of employment caused her additional stress when she miscarried required expert medical testimony, because a lay person does not have the professional training to evaluate whether the wrongful termination made it more distressing for plaintiff to experience and cope with the miscarriage, and because introduction of such testimony "would invite the jury to speculate with respect to the cause of the miscarriage and perhaps conclude that it was caused by the termination"). The risk that this evidence would confuse or mislead the jury and unfairly prejudice Flintrock substantially outweighs any probative value a lay person's testimony on this

issue might generally have. *See* Fed. R. Evid. 403. Read is precluded from mentioning her miscarriage.

Flintrock's motion in limine is GRANTED as to the request to exclude all testimony and other evidence of Read's miscarriage.

    **B.**    **Emotional Distress**

Flintrock moves to limit testimony regarding Read's seeing a counselor or any mental health diagnosis, because (1) she did not begin seeing a counselor until 2021, (2) she attends counseling for additional reasons unrelated to her experience at Flintrock, and (3) Read is not a medical professional and is unqualified to testify as to any counseling diagnosis. Read responds that her testimony regarding the nature, severity, and duration of her emotional distress are relevant and admissible, because compensatory damages in a Title VII case may take the form of emotional distress damages.

Emotional distress damages are available in a Title VII case, when supported by sufficient evidence. *See Atchley v. Nordam Grp., Inc.*, 180 F.3d 1143, 1149-50 (10th Cir. 1999) (upholding jury award for emotional distress in Title VII pregnancy discrimination case). A plaintiff must demonstrate "genuine injury" in this respect, and a plaintiff's testimony alone may serve as evidence of emotional distress. *Id.* (citing *Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996); *Carey v. Piphus,* 435 U.S. 247, 264 & n.20 (1978)). *See also Jensen v. West Jordan City*, 968 F.3d 1187, 1206 (10th Cir. 2020) (noting that "a lay witness is competent to testify concerning those physical injuries and conditions which are susceptible to observation by an ordinary person") (quotation omitted).

Read is competent to testify about her own garden-variety emotional distress issues, including matters for which she later sought counseling, and the Court will not exclude such

testimony in advance of trial. Flintrock may cross-examine Read regarding such testimony, including matters of timing and any other issues for which she sees a counselor.[1]

Flintrock's motion in limine is DENIED as to the request to exclude all testimony and other evidence of Read's emotional distress and related damages.

### C. Evidence of Compensatory Damages and Punitive Damages – Retaliation

Flintrock seeks to exclude evidence of compensatory and punitive damages related to Read's retaliation claim. Flintrock's request is based on a presumption that it may rely on a "mixed-motive" theory of liability. As stated in the Court's Opinion and Order denying summary judgment (ECF No. 53), the United States Supreme Court has eliminated this approach to Title VII retaliation claims. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). As a result, Read is not precluded from presenting evidence of compensatory and punitive damages related to her retaliation claim.

Flintrock additionally argues Read should not be permitted to present evidence supporting punitive damages, because Read's claims do not support a finding that Flintrock acted with malice or reckless indifference to Read's federally protected rights. However, "[i]t is well-established that a motion in limine should not be used to argue that an item of damages may not be recovered as that is the function of a motion for summary judgment, with its accompanying procedural safeguards." *EEOC v. BOK Fin. Corp.*, No. CIV 11-1132 RB/LAM, 2014 WL 11730480, at *1 (D.N.M. Feb. 12, 2014). Flintrock did not seek to exclude punitive damages in its motion for summary judgment, and a motion in limine is not the proper vehicle for this request.

---

[1] Defendant seeks exclusion of Plaintiff's testimony as to any mental health diagnosis. Plaintiff responds that she does not intend to testify about a specific diagnosis at counseling. The Court finds any ruling on Plaintiff's testimony as to a diagnosis is premature and will be addressed at trial, if appropriate.

Flintrock's motion in limine is DENIED as to the request to exclude evidence regarding compensatory and punitive damages.

### D. Specific Evidence of Lost Wages

Flintrock argues Read should be prohibited from presenting wage loss evidence beyond May 15, 2019, because she failed to mitigate her lost wage damages by seeking unemployment benefits. However, failure to mitigate is an affirmative defense, and, as with punitive damages, Flintrock did not seek summary judgment on this theory. *See Nicholas v. Windstream Commc'ns, LLC*, No. 2:17-cv-00361-KRS-GJF, 2018 WL 1870437, at *3 (D.N.M. Apr. 17, 2018) ("Because failure to mitigate is an affirmative defense, Windstream must initially and ultimately demonstrate that there is no material fact at issue to obtain summary judgment."). Flintrock cannot seek an evidentiary exclusion on this theory, when it failed to prove a failure to mitigate at the summary judgment stage.[2]

Flintrock's motion in limine is DENIED as to the request to exclude evidence regarding Read's lost wages after May 15, 2019.

### E. Testimony Regarding Why Plaintiff Was Not Hired for Other Jobs

Flintrock seeks to exclude testimony by Read that she was rejected from other jobs because Flintrock told other employers about her termination. Flintrock argues this testimony would be hearsay. Read responds that her testimony about applying to other jobs and removing Flintrock as a reference to avoid problems with getting another job, is relevant and admissible. Read argues

---

[2] Read also argues that state unemployment compensation is a collateral benefit subject to the collateral source rule, and Read's failure to apply for unemployment compensation after May 15, 2019, should have no bearing on her failure to mitigate wage loss. This issue is not properly before the Court at this time, and the Court makes no ruling on this issue.

any such testimony would be based on her own experience rather than based on what other employers told her.

In the absence of particular testimony for consideration, Flintrock's request lacks sufficient specificity to grant at this stage. When a motion *in limine* is made in the abstract and in anticipation of a hypothetical circumstance, "the better practice is to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." *Walsh v. United States*, No. 07-CV-568-PJC, 2009 WL 3755553, at *2 (N.D. Okla. Mar. 31, 2009) (quoting *U.S. v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002)). "A court should refrain from the undue speculation inherent in making evidentiary rulings before hearing the factual context at trial." *Id.* (cleaned up). The Court declines to exclude a category of testimony regarding Read's attempts to find another job and reasons for her rejection. *See id.* ("A court is within its discretion to deny a motion in limine that fails to identify the evidence with particularity or to present arguments with specificity.") (citation omitted).

Flintrock's motion in limine is DENIED as to the request to exclude evidence regarding Read's rejection from other jobs following her termination.

### F.   Karri Read's Testimony Regarding Her Own Issues and Potential Lawsuit

Flintrock seeks to exclude testimony from Karri Read regarding her own experience of sexual harassment and retaliation at Flintrock. Flintrock argues such testimony would be irrelevant under Federal Rule of Evidence 401, because it does not tend to make any facts alleged by Read more or less probable. Flintrock also argues that, under Federal Rule of Evidence 403, any possible probative value of such testimony is substantially outweighed by its prejudicial effect. Read argues that Flintrock's request should be denied, because it lacks specificity and because the admissibility of "me too" evidence depends on the evidence presented at trial.

As with the previous request, this request lacks sufficient specificity to grant at this time. *See Walsh*, 2009 WL 3755553, at *2. Moreover, the relevance of Karri Read's "me too" testimony about her own experiences at Flintrock "depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case," and the question of whether evidence is prejudicial also requires a "fact-intensive, context-specific inquiry." *Sprint/United Mgt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). *See Mickelson v. New York Life Ins. Co.*, 460 F.3d 1304, 1315 (10th Cir. 2006) ("As a general rule, . . . "the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent."); *Allen v. Magic Media, Inc.*, No. 09-4139-SAC, 2011 WL 903959, at *3 (D. Kan. Mar. 15, 2011) (noting "[t]he Tenth Circuit has long agreed [with the Supreme Court] that evidence of treatment of other employees in the same protected class may be relevant to the issue of discriminatory intent") (collecting cases).

Flintrock's motion in limine is DENIED as to the request to exclude Karri Read's testimony regarding her own experiences of harassment and retaliation at Flintrock.

### III. Conclusion

For the reasons detailed above, Defendant Oklahoma Flintrock Products, LLP's Motion in Limine (ECF No. 44) is **GRANTED IN PART and DENIED IN PART**.

**SO ORDERED** this 20th day of December, 2022.

!

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**